(R.D. 11512)

Judson Sheldon Int. Corp. et al. v. United States

Entry No. 846302, etc.

(Decided April 18, 1968)

*Lawrence & Tuttle* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Rao, Chief Judge: The appeals for reappraisement listed in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof, are limited to the spark plugs invoiced at either 20 cents each, 25 cents each, or 75 cents each exported from the United Kingdom and entered for consumption after the effective date (February 27, 1958) of Section 6(a) of the Customs Simplification Act of 1956 (T.D. 54165).

2. That the merchandise involved herein is not identified on the Final List (T.D. 54521) published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Section 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

3. That at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit price of 20 cents each, 25 cents each, or 75 cents each, respectively, plus the pro rata share of any separately invoiced cost of packing as invoiced.

4. That the appeals for reappraisement as set forth in the Schedule "A" attached may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs

Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such value is the invoice unit price of 20 cents each, 25 cents each, or 75 cents each, respectively, plus the pro rata share of any separately invoiced cost of packing as invoiced.

Judgment will be entered accordingly.